**NICOL v. KOSCINSKI, U. S. Dist. Judge.**

No. 11376.

United States Court of Appeals,
Sixth Circuit.

Decided April 25, 1951.

Phillip C. Kelly, Jackson, Mich., for pe-titioner.

Before HICKS, Chief Judge, and SI-MONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner filed suit in the District Court for the Eastern District of Michigan, Southern Division, alleging damages for injuries suffered upon the premises of the J. C. Penney Company Department Store in Omaha, Nebraska. She seeks a writ of mandamus to compel the district judge to set aside an order removing the cause to the District Court of Omaha, Nebraska, under the provisions of 28 U.S.C.A. § 1404 (a). In opposing the defendant's petition for removal, she recites that she lives at Jackson, Michigan; was accompanied by a woman friend who saw the accident and who also lives at Jackson; that the physicians, nurses, hospital attendants, a dental surgeon and a doctor of optometry who attended her after her return home, are all residents of Jackson.

On the other hand the defendant alleges that ten of its employees who are expected to be witnesses in the case, are all residents of Omaha, and that it would be an unnecessary hardship to bring them all to Detroit; that in addition to such employees there are a number of other witnesses such as shoppers in the store and employees or officials of the O'Keefe Elevator who installed the escalator upon which the plaintiff claims to have been injured, and also engineers and experts who live in or near Omaha, Nebraska, and that the latter witnesses may not be compelled to attend by any process issued out of the District Court in Michigan.

It is clear that whether the order stands or is set aside, one of the litigants will be inconvenienced, and it became the duty of the district judge to balance inconveniences and to determine upon which litigant the greater hardship would rest, if he granted change of venue, and that determination was subject to the rule that unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. It is said, however, in that case, 330 U.S. at page 509, 67 S.Ct. at page 843, 91 L.Ed. 1055, "Jury duty is a burden that ought not to

be imposed upon the people of a community which has no relation to the litigation. * * * There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Determination as to the greater convenience or inconvenience must rest within the sound judicial discretion of the district judge to whom the petition for change of venue is addressed, and his decision should not be set aside unless there is apparent an abuse of discretion. This is so whether we accept the view of Judge Frank in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 331, that the judge must guess and that we should accept his guess unless it is "too wild," or whether we take the more conventional approach to the problem by Judge Learned Hand in the same case, who felt that to set aside an order the balance of convenience must be strong enough to declare a finding of the district judge "clearly erroneous."

It must be observed that the greater number of witnesses reside in Nebraska; that the premises upon which the accident is said to have occurred is there; that the device which contributed to it is there; that the persons who installed the apparatus are likewise there and that the law to be applied is the law of Nebraska. It must also be observed that only one of the petitioner's witnesses, other than herself can testify as to the manner in which the injuries were received; that the others are all physicians, nurses, hospital attendants, and others, who attended the plaintiff at Jackson. Experience in review of personal injury cases teaches that the basic question is always one in respect to negligence or contributory negligence, and upon that issue the only witnesses for the petitioner are herself and her woman companion. Her claim as to the extent of the injuries would, it seems to us, not seriously be threatened by the necessity for taking depositions of doctors, dentists and hospital attendants.

We are not persuaded that the decision below was clearly erroneous, and the petition for writ of mandamus is denied.

ALLEN, Circuit Judge (dissenting).

I regret that I am unable to concur in the holding of my colleagues.

The complaint was filed in the Eastern District of Michigan against The J. C. Penney Company, a corporation doing business in that state, by a woman who alleged that she has suffered serious injuries resulting in considerable medical and hospital expense, and possible permanent disability, by being precipitated from an escalator in the Penney store in Omaha, Nebraska. The plaintiff is a resident of Michigan and all of her witnesses, including an eye-witness to the accident, doctors, nurses, and hospital attendants, are in Michigan. The District Court, on motion of defendant, ordered the case transferred to the United States District Court for the District of Nebraska, and the plaintiff applies here for a writ of mandamus to compel the District Court to proceed with the trial of the case in Michigan. Since the order of transfer is not appealable, the plaintiff has no adequate remedy at law.

While the Penney Company, for the purposes of this case, has various witnesses who are residents of Omaha, Nebraska, it operates in other states, including Michigan. Presumably it has lawyers in Michigan and could handle a lawsuit there with more ease and at less expense than this plaintiff could handle a case in Omaha. She says in her verified petition that she is responsible for her own support, and that she will not be able to carry on this suit if it is transferred to Nebraska.

The Penney Company suggests that three corporations may be liable to indemnify it if it is held liable to the plaintiff, and that these parties should be made third party defendants in Omaha. The possibilities for delay and mounting expense arising out of such motions are certainly great. It is a fair inference that the plaintiff would find it difficult to transport her counsel and her witnesses from Michigan to Omaha, to pay hotel bills there, and to in-

cur the probable delays in the conduct of a suit into which the Penney Company wishes to introduce three other parties. One of these parties is alleged to do business in Michigan.

This change of venue permitted by the District Court may cut plaintiff off entirely from prosecuting her suit.

Title 28 U.S.C.A. § 1404(a) gives the power of transfer to the District Court "For the convenience of parties and witnesses, in the interest of justice * * *." I think this order was not in the interest of justice; that the finding upon which it was based was clearly erroneous, Cf. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 331; and that the writ should issue.

HICKS, Chief Judge (concurring).

The petition seeking mandamus should be denied. The purpose of the writ, as I understand it, is to compel a judge to act but not to act in any particular way. The district judge has already acted and there is nothing left for us to do unless we can treat the petition as an appeal. I doubt our jurisdiction of an appeal from an interlocutory order. I agree with the views expressed by Judge Swan in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 332.