Jean GARNER, individually and as the personal representative of Spurgeon O. Garner, Deceased, Plaintiff,

v.

JAEGER MACHINE CO., Defendant.

Civ. No. 71-58.

United States District Court,
S. D. Ohio, E. D.

Sept. 13, 1971.

James C. Britt, Richard S. Donahey, Columbus, Ohio, for plaintiff.

Collis Gundy Lane, Columbus, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on a motion to transfer the above action to the Northern District of Texas, Amarillo Division. The litigation involves a claim for damages arising out of a death in Texas from an alleged malfunction of industrial machinery manufactured by defendant. While this action is properly brought in the Southern District of Ohio, defendant urges transfer in accordance with 28 U.S.Code § 1404(a), which provides in part:

"For the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It should be observed in passing that contrary to the usual situation, the moving party in this matter is the Ohio resident who would be most inconvenienced by such a transfer.

The transfer of litigation is a matter addressed to the discretion of the Court. In the past care has been taken to avoid precise standards for transfer in order that each case might be determined on its own merits. Among the matters to be considered are those set forth by the Supreme Court in the case of Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. At page 508, 67 S.Ct. at page 843, the Court observed:

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive * * * There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

See also, St. Joe Paper Company v. Mullins Manufacturing Corporation, 311 F. Supp. 165 (S.D.Ohio W.D., 1970); Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D.Mich.S.D., 1970); Nicol v. Koscinski, 188 F.2d 537 (6th Cir. 1951).

In the matter at hand, it appears that all known witnesses reside in the Ama-

rillo Division of the Northern District of Texas; the site of the accident is in the city of Amarillo; and the machinery alleged to have malfunctioned, is located in Amarillo and available for view. The plaintiff resides in the city of Amarillo and has filed a suit in the United States District Court for the Northern District of Texas, Amarillo Division, based upon the incident in question. Another suit against this defendant arising out of the same accident has likewise been filed in the Northern District of Texas, and it must be obvious that in this controversy the substantive law of Texas would govern.

To make trial of this case "easy, expeditious and inexpensive," as suggested in the *Gulf Oil* case, it should be tried in the Northern District of Texas, Amarillo Division.

Accordingly, the Court finds the motion to transfer to be meritorious and does grant the same. It is therefore ordered that the above matter be and the same is hereby transferred under Section 1404(a), Title 28 United States Code, from the Southern District of Ohio, Eastern Division, to the Northern District of Texas, Amarillo Division, for all further proceedings.