The VECTOR COMPANY, INC.

v.

URBAN SYSTEMS DEVELOPMENT CORPORATION.

Civ. A. No. 7912.

United States District Court,
E. D. Tennessee, N. D.

Aug. 14, 1972.

Lewis C. Howard, Kennerly, Montgomery, Howard & Finley, Knoxville, Tenn., for plaintiff.

John E. Vanderstar, Washington, D. C., John B. Rayson, R. Arnold Kramer, Kramer, Dye, Greenwood, Johnson & Rayson, Knoxville, Tenn., for defendant.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

This matter is before the Court on a motion of defendant, Urban Systems Development Corporation, to transfer the case to the United States District Court for the Western District of North Carolina under Title 28 U.S.C. Section 1404 (a).

A number of grounds are alleged in support of the motion, among them being, (1) that the transactions that are the subject matter of the litigation occurred entirely in the State of North Carolina. The controversy involves three separate contracts under which Urban, as a general contractor, undertook to construct two public housing projects in Winston-Salem, North Carolina, and one in Charlotte, North Carolina; (2) most of the witnesses and documentary evidence that will be relevant in the trial on the merits are located in North Carolina; (3) many of the material witnesses who reside in North Carolina are under the control of the defendant and are not amenable to service of process in Tennessee; (4) that other litigation is pending in the United States District Court for the Western District of North Carolina arising out of one or more of the three projects which are the subject of this litigation; (5) that the litigation is complex from a factual standpoint; and (6) the construction sites are located in North Carolina and a North Carolina court is the appropriate place for trial as the North Carolina judge who presides or the Tennessee judge who presides may desire to view each of the projects; (7) finally, all issues of liability and damages would be governed by North Carolina law.

■ ■ In the first place, we start out with the principle that the plaintiff has the right to select his forum. It is pointed out by counsel for defendant that the rule of the selection of the forum is more strictly enforced under the common law than it is under the Federal Rules of Civil Procedure since under the common law if the Court did not take jurisdiction the case was automatically dismissed, whereas the remedy is not so severe under the Federal Rules of Civil Procedure as the case may be transferred under those rules rather than dismissed. But selection of the forum by plaintiff is still a factor to be considered by the Court although only one factor which is not necessarily controlling in considering a motion to transfer.

Another rule to be kept in mind is set forth in the statute itself, that is, the convenience of the witnesses. In this case, as the Court reads the motion which is supported by two affidavits, the great majority of the witnesses as to what took place on the three projects live and work in North Carolina. This Court does not consider the question of whether the presiding judge will or will not view the premises in the trial on the merits as determinative, although it may be looked to as well as all other pertinent factors in reaching a conclusion.

The three paramount factors that this Court considers determinative are: (1) the convenience of the witnesses, (2) all of the operative facts occurred in North Carolina, and (3) the case for the most part will be controlled by North Carolina law and a judge sitting in North Carolina is in a better position to try the case than a Tennessee judge. Thus, the circumstances of this case convince this Court that in the interest of justice the case should be transferred to the Western District of North Carolina located at Charlotte, North Carolina. Since two of the projects are located in Winston-Salem, North Carolina, the presiding judge of the Charlotte Court may desire to transfer a portion of the case to the Winston-Salem Court.

It is, therefore, ordered that the case be, and the same hereby is, transferred to the Western District of North Carolina at Charlotte. See: Leopold Roofing Company v. Asphalt Roofing Industry Bureau, D.C., 190 F.Supp. 726, aff'd Philip Carey Manufacturing Company v. Taylor, 286 F.2d 782 (C.A.6, 1961); Koehring Company v. Hyde Construction Company, 324 F.2d 295 (C.A.5, 1963).