**ARTISAN DEVELOPMENT, DIVISION OF KAISER AETNA, Plaintiff,**

v.

**MOUNTAIN STATES DEVELOPMENT CORPORATION, Defendant.**

No. C–1–74–516.

United States District Court, S. D. Ohio, W. D.

May 30, 1975.

---

2. The court did not indicate whether a specific chemist had been proposed and, if so, whether he was registered with D.E.A.

John B. Pinney, Graydon, Head & Ritchey, Cincinnati, Ohio, for plaintiff.

Robert G. Stachler and Thomas Y. Allman, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER

DAVID S. PORTER, District Judge.

This matter is before us on the motion of defendant, Mountain States Development Corporation (Mountain States), to transfer the case to the United States District Court for the Eastern District of Tennessee, Northern Division, under 28 U.S.C. § 1404(a). Plaintiff, Artisan Development (Artisan), Division of Kaiser Aetna, filed a memorandum contra (doc. 10) to which defendant replied (doc. 16). The various submissions were supported by numerous affidavits and the cause subsequently came on for oral argument before this Court.

We note briefly, by way of background, that both parties are engaged in the development of leisure-home communities in the Smoky Mountains of Tennessee; that the parties entered certain agreements (doc. 10, Exhibits B, C and D) whereby Artisan obtained not only the option to purchase the assets (principally Tennessee real estate) of Mountain States but also the right to operate Mountain States while the option agreement was in effect; that the current dispute arose after Artisan had been operating Mountain States for six or seven months and just after Artisan notified Mountain States that it did not

wish to purchase the assets in question but instead wished to terminate the agreements.

Title 28 U.S.C. § 1404(a) provides:

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."

■■ In the present case it is not questioned that the action "might have been brought" in the Eastern District of Tennessee, Northern Division. The only question is whether such a transfer would be "for the convenience of the parties and witnesses, in the interests of justice." Before examining the specific factors relevant to that determination, however, we must take note of certain general principles. First, decisions on transfer motions are left in large measure to the sound discretion of the district court judge and that discretion is broader than traditionally permitted or exercised under the doctrine of *forum non conveniens*. See *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *St. Joe Paper Co. v. Mullins Manufacturing Corp.*, 311 F.Supp. 165 (S.D.Ohio 1970). Second, plaintiff's choice of forum is given considerable weight and the balance of convenience, considering all relevant factors, must be strongly in favor of a transfer before such will be granted. See *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951); *St. Joe Paper Co.*, supra.

Defendant's assertions in support of the transfer motion include the following:

(1) The actions and events which are the real focus of this dispute all occurred in Tennessee. Mountain States claims that this case is not one of mere contract interpretation—indeed, Mountain States agrees that under Paragraph 14 of the Option Agreement, plaintiff did have a right to terminate the contract in the event the option was not exercised. However, defendant contends, *inter alia,* that prior to any such termination Artisan exercised its option, through its em-

ployees and agents, and thereby agreed to purchase the assets in question; that Artisan is estopped to deny such exercise; that Artisan fraudulently misrepresented an intention to purchase defendant's assets and Mountain States relied upon those false misrepresentations to its detriment; that there was explicit and/or implicit modification of the contracts in question; that Artisan assumed a fiduciary position of management of Mountain States' operations and breached its fiduciary duty in various ways, including the commingling of funds in such a manner as to obfuscate the true financial status of Mountain States. See defendant's "Answer and Counterclaim" (doc. 5). In essence, defendant argues, "the focus of this case is going to be . . . the multiplicity of personal contracts, oral communications, written agreements, and other relationships between parties, nonparties, and the land located in Tennessee" (doc. 16, p. 6).

(2) A majority of the witnesses with first-hand knowledge of the above mentioned actions and events live and work in Tennessee, are beyond the subpoena power of this Court and are not employees of the parties to this action. Defendant has submitted a list of approximately 16 such witnesses and has stated generally the anticipated subject matter of their testimony (doc. 15).

(3) Defendant maintains voluminous books and records which are material to this case and are kept at Knoxville in the Eastern District of Tennessee. Defendant states that not only would it be difficult to transport these records, but removal of the records from Tennessee would seriously impede the normal operation of defendant's business.

(4) The degree of docket congestion in the Eastern District of Tennessee is significantly less than in the Southern District of Ohio, making it highly probable (if not certain) that a speedier disposition could be had in Tennessee.

(5) The present case, as well as its pending companion in this district (*Artisan Development v. C. C. Pack*, No. C–

1-75-71), can be consolidated with the cases currently pending in the Eastern District of Tennessee.

(6) The real property which is the essential tangible subject matter of the current dispute is all located in Tennessee, and could be viewed by the fact-finder if transfer were granted.

Plaintiff's assertions in opposition to the transfer motion include the following:

(1) The central dispute involves the construction and interpretation of the Option Agreement which was negotiated, for the most part, in Cincinnati and was executed in Cincinnati. Plaintiff states that the Option Agreement is unambiguous and that the asserted defenses and counterclaims allegedly arising from Tennessee occurrences are "secondary issues" which "are patently lacking in merit" (doc. 10).

(2) Because the gravamen of this action concerns the Ohio contract and not the Tennessee "secondary issues", most of the material witnesses are in Ohio rather than Tennessee.

(3) Artisan is a resident of Ohio and its choice of forum should be accorded great weight.

(4) Artisan would suffer substantial prejudice if it were required to litigate before defendant's "home town" jury.

(5) The subject contracts are to be interpreted under Ohio law and, therefore, the present case should be litigated in Ohio where the District Court is familiar with the applicable law.

(6) Only a "relatively few documents" will be needed for resolution of this dispute, and they can be easily transported in 3 or 4 boxes.

(7) The relevant docket conditions are irrelevant. It is reasonable to "expect discovery in this action to last a minimum of 9 months" (doc. 10). Therefore the case obviously could not be resolved within 60 to 90 days under any circumstances, the "Affidavit of Karl D. Saulpaw, Jr." (attachment to doc. 8) notwithstanding.

(8) There are "virtually identical" actions pending in both Ohio and Tennessee. These actions, therefore, could be consolidated in Ohio.

(9) Location of the realty is irrelevant since resolution of the instant dispute does not depend upon—nor would it be aided by—a view of the property in question.

It is clear that resolution of the instant motion depends largely upon which concept of this case is more precisely on point: i. e., is this case merely one of contract interpretation, or does it necessarily involve "the legal consequences of a great variety of actions taken in Tennessee" (doc. 8, p. 10)? Upon careful consideration, we conclude that the real battleground centers upon the affirmative defenses and counterclaims asserted by defendants, which issues arose primarily from actions and occurrences in Tennessee. We cannot agree that these issues are "secondary" for without them, there would be precious little dispute at all in view of the straight forward language of the Option Agreement's termination provision (paragraph 14). Nor can we agree that these Tennessee issues are "patently lacking in merit" (doc. 10). We think those issues are colorable as a matter of law, and we rely upon certain affidavits and the representations of defendant's counsel (see, e. g., Rule 11, Fed.R.Civ.P.) in concluding that those issues are also colorable as a matter of fact. In so concluding, of course, we do not mean to state or imply anything about the relative strengths or weaknesses of either party's case—we only mean to say that, in our opinion, the issues raised by defendant are not frivolous on their face and will necessarily have to be confronted in the course of resolving this dispute.

Since the Tennessee actions and events constitute the essence of this case, it is apparent that most of the key witnesses are in Tennessee. As indicatd before, many of those witnesses are not connected with the parties to this suit and are beyond the subpoena power of this Court. Therefore, for the convenience of wit-

**1316**

nesses it appears this case should be transferred to the Eastern District of Tennessee.

Upon weighing all the factors, we also think this matter should be transferred for the convenience of the parties. Defendant alleges that its voluminous records would be difficult to transport and that removal of the records would constitute a serious business hardship. Cf. *St. Joe Paper Co.*, supra. Although Artisan denies these allegations, it does assert in another context that discovery may be expected to take at least 9 months. Such extensive anticipated discovery suggests a complex factual case. And we think that factor, coupled with the fact that Artisan actually operated Mountain States for a substantial period of time and coupled with defendant's desire for a full accounting, makes it reasonable to believe that there is a large amount of documentary evidence which may well be difficult to transport and may well constitute a business hardship if removed. Further, we cannot agree with plaintiff that docket congestion is irrelevant. Prompt determination of disputes is, we think, desirable to all concerned and the affidavit of Karl D. Saulpaw, Jr. gives us every reason to believe this matter would be resolved sooner in Tennessee than in Ohio, regardless of how long discovery may take. See *Fannin v. Jones*, 229 F.2d 368 (6th Cir. 1956), *cert. denied*, 351 U.S. 938, 76 S.Ct. 834, 100 L.Ed. 1465; *Sheffield Corp. v. George F. Alger Co.*, 16 F.R.D. 27, 28 (S.D.Ohio 1954).

■ Plaintiff claims, however, that it will suffer substantial prejudice if required to litigate in defendant's "home town." Yet aside from concluding that it is "only logical" that an East Tennessee jury "would have a natural prejudice in favor of defendants" (doc. 10), plaintiff fails to bolster its apprehension of an unfair trial with sufficient supporting facts. Cf. *Haase v. Gilboy*, 246 F.Supp. 594 (E.D.Wis.1965). Equally important, plaintiff chooses to ignore the fact that the Eastern District of Tennessee is also its "home town." In plaintiff's own words, "[p]rior to the establishment of

any relationship with Mountain States or Pack, Artisan had developed a community known as 'Chalet Village' in East Tennessee" (doc. 10). Thus Artisan does business in East Tennessee and is a resident of Tennessee as well as of Ohio. See, e. g., 28 U.S.C. § 1391(c). Finally, in this connection, we note that while the plaintiff's forum selection is a factor to be considered it is "only one factor which is not necessarily controlling in considering a motion to transfer." See *Vector Company, Inc. v. Urban Systems Development Corp.*, 360 F.Supp. 864, 865 (E.D.Tenn.1972).

■ Another relevant factor is the district court's familiarity with the applicable law. Here, it is undisputed that the option agreement is to be "interpreted and enforced under the laws of the State of Ohio" (Exhibit B, p. 8, doc. 10), and it cannot be denied that there is an advantage in having a district court apply the law of the state in which it sits. See *Vector Company, Inc.*, supra. Again, however, we note that this factor is not controlling (*Johnson v. Harris*, 112 F. Supp. 338, 340 (E.D.Tenn.1953)); and some courts have even opined that it should be given "little weight" (*Atlantic Richfield Co. v. Stearns-Roger, Inc.*, 379 F.Supp. 869, 872 (E.D.Pa.1974)). Furthermore we agree with defendant that there is a very distinct possibility that Tennessee law may control many aspects of this case (doc. 16, p. 7). Again, we point out that this dispute is not so much a matter of contract interpretation as it is a matter of ferreting out and analyzing a myriad of operative facts which occurred in Tennessee and affected Tennessee realty.

Two other factors merit only brief discussion. First, we think the element of consolidation is a neutral one in the instant case because the actions currently pending in the respective courts are virtually the same. Thus, it seems that these cases could be consolidated as readily in either district. Second, we are aware that the realty in question could be viewed if the case were transferred to Tennessee. We do not regard this factor

as determinative, but we do feel that a view could conceivably be beneficial and agree that "it may be looked to as well as other pertinent factors in reaching a conclusion." See *Vector Company, Inc.*, supra at 865.

After carefully considering all the relevant factors, we conclude that the balance of convenience rests strongly in favor of the moving party. See *Nicol*, supra. In particular, the following factors seem to us determinative: (1) The operative facts of this case revolve around actions and events which occurred in Tennessee; (2) the convenience of the witnesses would be significantly better served in Tennessee; (3) Ohio litigation would inconvenience defendant since all its books and records are in Tennessee—and plaintiff has, in our opinion, made no comparable showing of hardship or inconvenience; (4) docket conditions indicate a speedier resolution in Tennessee. Accordingly, we conclude that for the convenience of the parties and witnesses and in the interests of justice, this matter should be transferred to the Eastern District of Tennessee, Northern Division, at Knoxville, Tennessee.

It is so ordered.