**GOLD CIRCLE STORES, Plaintiff,**

v.

**BODY MAVEN, INC., et al., Defendants.**

**No. C2–87–1433.**

United States District Court, S.D. Ohio, E.D.

March 2, 1988.

F. James Foley, Columbus, Ohio, for plaintiff.

Robert Karl Handelman, Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

This matter is before the Court on the defendants' motion to dismiss for lack of personal jurisdiction or in the alternative to transfer venue. Plaintiff, Gold Circle Stores ("Gold Circle") purchased sweaters at a cost of $227,276.00 from the defendant, Body Maven, Inc. ("Body Maven"). The order was placed through Body Maven's sales agent, I.L. Sales Corp. ("I.L. Sales"). Upon receipt of the sweaters in Ohio, Gold Circle determined that they were defective and sued for breach of contract and express warranties in the Court of Common Pleas, Franklin County, Ohio on October 19, 1987, Case No. 87CV–10–6688. On November 25, 1987, defendants filed a petition for removal to this Court alleging diversity jurisdiction. Plaintiff's motion to remand to state court was denied and defendants subsequently filed the pending motion to dismiss for lack of personal jurisdiction or to transfer venue.

On November 2, 1987, the defendants filed a complaint against Gold Circle in the United States District Court for the Eastern District of New York, Case No. CV–87–3665, J. Nickerson, alleging that Gold Circle had breached its contract to pay for the sweaters. That action has been stayed pending this Court's ruling on the defendants' motion.

## I. FACTS

Gold Circle is a division of Federated Department Stores, Inc., a Delaware corporation. Gold Circle's principal place of business is in Worthington, Ohio. Body Maven is a New York corporation with its principal place of business at 125 Knickerbocher Avenue, Brooklyn, New York, while defendant I.L. Sales is a New Jersey corporation with its principal place of business at 1350 Broadway Avenue, New York, New York.

Neither defendant maintains an office or a sales force in Ohio, nor has any agent of either defendant visited the plaintiff's offices in Ohio. However, the plaintiff has submitted the affidavits of Robin Farley, assistant buyer in the sweater department for Gold Circle at Columbus, and Hollace Huffman, divisional merchandise manager for Gold Circle at Columbus, which show that the defendants sent unsolicited sweater samples in the fall, 1986 to the plaintiff at its Ohio business and that there were numerous telephone calls back and forth between the plaintiff and the defendants. Plaintiff's affidavits also establish that an order was tentatively conveyed during a telephone conversation between Gold Circle and I.L. Sales. In response to that call, the defendants sent a second sample of sweaters in May, 1987 and an agent of the plaintiff visited the New York showroom of I.L. Sales. On May 19, 1987, the plaintiff prepared in Ohio purchase orders for 30,240 sweaters whose wholesale purchase price was $227,276.00. The purchase order and contract have not been submitted to the Court, but the plaintiff's affidavits state

that the documents state that they are to "be construed according to the laws of Ohio" and that "final destination for all goods will be our Region 1 Distribution Center [Worthington, Ohio] and our Region 2 Center [Morrow, Georgia]." However, the invoice lists F.O.B. as Brooklyn, New York. The sweaters were transported from Brooklyn to Ohio and Georgia by Walsh Consolidators, an independent trucking company. The alleged defects were first discovered in Columbus by Mr. Huffman.

## II. DISCUSSION AND LAW

### A. PERSONAL JURISDICTION

The burden of establishing jurisdiction is on the plaintiff, Gold Circle; but since the Court is determining the issues solely on the basis of written materials and determines that a hearing is not necessary, the plaintiff need only establish a *prima facie* case of jurisdiction with facts that support a finding of jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 438–439 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1285 (9th Cir.1977). If there is no hearing, the burden on the plaintiff is slight and all pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Welsh, supra*, at 439; *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir.1988).

Federal courts sitting under diversity jurisdiction must apply the long arm statute of the forum state. Ohio's long arm statute, Ohio Rev.Code § 2307.382, provides in pertinent part:

[A] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the persons:

(1) transacting any business in this state;

The Ohio statute has been construed to extend personal jurisdiction to the constitutional limits set by the Due Process Clause. *R.L. Lipton Distributing Co. v. Dribeck Importers, Inc.*, 811 F.2d 967, 969 (6th Cir.1987); *In–Flight Devices Corp. v. Van-Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir.1972). Thus, an analysis of personal jurisdiction becomes an "examination of constitutional limitations." *Lipton* at 969.

The Supreme Court has determined that:
[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *quoting, Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

The Sixth Circuit has set forth three criteria to be satisfied in order to meet the "minimum contacts" test of *International Shoe:*
First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

If these three tests are met, then personal jurisdiction will be upheld unless traditional notions of fair play and substantial justice are offended. The above formula is not to be applied mechanically but rather it is to be applied in light of all the particular facts in each case. *Gibbs*, 631 F.2d at 440. However, "the Constitutional touchstone remains whether the defendant purposely established 'minimum contacts' with the forum state." *Burger King v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

The facts in this case satisfy the constitutional requirements for asserting personal jurisdiction over the defendants. The defendants have "acted" within Ohio when they sent unsolicited sweater samples to the plaintiff in order to acquire orders

and when they followed up that action with telephone calls to the plaintiff resulting in the eventual signing of a contract with an Ohio corporation.

In this circuit, one has 'acted' so as to transact business in a state 'when obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of that state.' Such 'acts' become purposeful if the defendant 'should have reasonably foreseen that the transaction would have consequences in that state.'

*In–Flight Devices*, 466 F.2d at 226, *quoting, Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968).

The second branch of the *Mohasco* test is satisfied since the contract which has allegedly been breached resulted from the defendants' action of freely and intentionally soliciting business in Ohio. It is not determinative that no agent of the defendants came to Ohio and that all contact with the plaintiff was through delivered samples, telephone calls and correspondence. "A letter or telephone call may, in a given situation be as indicative of substantial involvement with the forum state as a personal visit by the defendant or its agents." *In–Flight Devices*, 466 F.2d at 235.

Finally, there is a substantial enough connection with Ohio to satisfy the third branch of the *Mohasco* test. Once the first two tests are satisfied, the "resolution of the third involves merely ferreting out the unusual cases where the interest [of the state] cannot be found." *Mohasco*, 401 F.2d at 384. The interest of a state is not diminished because only one contract is involved, and "when the contract is with a resident of [Ohio] the state's interest in resolving a suit based on the contract and brought by that resident cannot be doubted." *Id.* at 385.

In conclusion, the Court determines that there is personal jurisdiction over the defendants.

## B. VENUE

The defendants have also requested this Court to transfer venue of this action pursuant to 28 U.S.C. § 1404(a) which provides in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The threshold consideration under this section is whether venue would be proper in the United States District Court of Eastern District of New York. An action "might have been brought" in a transferee court if

(1) The court has jurisdiction over the subject matter of the action,

(2) Venue is proper there, and

(3) The defendant is amenable to process issuing out of the transferee court.

*Continental Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); *Neff Athletic Lettering Co. v. Walters*, 524 F.Supp. 268, 271 (S.D. Ohio 1981). The facts in the record indicate that this case could have been brought in the transferee court.

At the outset the Court notes that whether or not it had found *in personam* jurisdiction in this Court, it still has authority to transfer venue. *Taylor v. Love*, 415 F.2d 1118 (6th Cir.1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *DeMoss v. First Artists Production Co.*, 571 F.Supp. 409 (N.D. Ohio 1983), *app. dismissed*, 734 F.2d 14 (6th Cir.1984).

The factors to be considered under § 1404(a) are similar to those weighed by the courts in determining *forum nonconveniens* motions; however, transfers pursuant to § 1404(a) may be granted "upon a lesser showing of inconvenience." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). The plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before such will be granted. *Artisan Development v. Mountain States Development Corp.*, 402 F.Supp. 1312, 1314 (S.D. Ohio 1975). The moving party, in this case the defendant, has the burden of dem-

onstrating that the case should be transferred to a different forum. Courts are to consider both the private interest of the litigants and the public's interest in the administration of justice. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The litigants' interests include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of case easy, expeditious and inexpensive.

*Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843.

Public interests include docket congestion; the burden of trial to a jurisdiction with no relation to the cause of action; value of holding trial in a community where the public affected live; and the familiarity of the court with the controlling law. *Id.* at 508, 67 S.Ct. at 843. "There is an appropriateness—in having the trial in a diversity case in a forum that is at home with the state law that must govern the case, rather than having court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Id.* at 509, 67 S.Ct. at 843.

 The contracts at issue are to be construed under Ohio law and there appears to be no reason in the record sufficient to defeat the strong presumption in favor of the plaintiff's choice of venue. Given the court's determination that personal jurisdiction exists, the defendants have failed to establish sufficient grounds to warrant transfer of venue. *Priess v. Fisherfolk,* 535 F.Supp. 1271, 1279 (S.D. Ohio 1982).

In conclusion, defendants Body Maven, Inc. and I.L. Sales Corp.'s motion to dismiss or, in the alternative, transfer venue is DENIED.

It is so ORDERED.