William H. HANNING, et al., Plaintiffs,

v.

NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, et al., Defendants.

No. C2–88–871.

United States District Court, S.D. Ohio, E.D.

April 18, 1989.

Means, Bichimer, Burkholder & Baker Co., and Richard W. Ross, Columbus, Ohio, for plaintiffs.

Calfee, Halter & Griswold, and Brian M. Eisenberg, Mitchell G. Blair and Thomas R. Coerdt, Cleveland, Ohio, for defendants.

## OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the Court on the motion of defendants Mutual Benefit Financial Service Company and Mutual Benefit Life Insurance Company ("the Mutual Benefit defendants") for change of venue pursuant to 28 U.S.C. § 1404(a), (b). The Mutual Benefit defendants seek an order transferring this action to the Western Division of this District.

Title 28, U.S.C. § 1404 provides in pertinent part as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

Under 28 U.S.C. § 1404(a), an action in a district court where both personal jurisdiction and venue are proper may be transferred to another "district or division where it might have been brought." *Id.; Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir.1980). The parties do not contest this Court's personal jurisdiction or that venue has been properly laid in this Division. Therefore, this action may be transferred to the Western Division of this District "if (1) th[at] court has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process issuing out of the transferee court." *Neff Athletic Lettering Co. v. Walters*, 524 F.Supp. 268, 271 (S.D.Ohio 1981). The facts in the record indicate that this action could have been brought in the Western Division.

■ The Court's analysis does not end here, however. The Court must now determine whether a transfer would serve "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). The factors to be considered in making this determination are similar to those weighed by the courts in determining *forum non conveniens* motions; however, transfers pursuant to § 1404(a) may be granted "upon a lesser showing of inconvenience." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). The plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before such will be granted. *Nicol v. Koscinski*, 188 F.2d 537 (6th

Cir.1951). Although the Mutual Benefit defendants have attempted to downplay this factor, citing *Neff Athletic Lettering Co.*, 524 F.Supp. at 272 and *DeMoss v. First Artists Production Co.*, 571 F.Supp. 409, 413 (N.D.Ohio 1983), *appeal dismissed*, 734 F.2d 14 (6th Cir.1984), *Nicol* remains the controlling Sixth Circuit decision on this issue and has been followed, either expressly or impliedly, by *Gdovin v. Catawba Rental Co.*, 596 F.Supp. 1325, 1327 (N.D.Ohio 1984); *Cincinnati Milacron Industries, Inc. v. Aqua Dyne, Inc.*, 592 F.Supp. 1113, 1118 (S.D.Ohio 1984); *Priess v. Fisherfolk*, 535 F.Supp. 1271, 1279 (S.D.Ohio 1982); *Artisan Development, Division of Kaiser Aetna v. Mountain States Development Corp.*, 402 F.Supp. 1312, 1314 (S.D.Ohio 1975); and the instant Court in *Gold Circle Stores v. Body Maven, Inc.*, No. C2–87–1433 at 8 (Mar. 2, 1988) [1988 WL 156251] and *First Bank of Marietta v. Bright Banc Savings Association*, No. C2–86–759 at 8 (Jan. 26, 1988) [1988 WL 156252].

■ In addition to plaintiff's choice of forum, courts are to consider both the private interest of the litigants and the public's interest in the administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843–43, 91 L.Ed. 1055 (1947) (discussing doctrine of *forum non conveniens* ). The litigants' interests include:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. Public interests include docket congestion; the burden of trial to a jurisdiction with no relation to the cause of action; value of holding trial in a community where the public affected live; and the familiarity of the court with the controlling law. *Id.*

The Mutual Benefit defendants do not contend that any of these factors militate

in favor of transfer. In fact, they concede that a transfer would be less convenient for them. Memorandum in Support of Motion for Transfer of Venue at 8; Reply Memorandum in Support of Motion for Transfer of Venue at 4–5. The Court also finds that the instant forum is as or more convenient for all other parties involved. Although the Mutual Benefit defendants need not demonstrate that a transfer would work to their convenience, their failure to make this demonstration does not militate in favor of transfer and places the weight of justifying a transfer on any other factors which the Mutual Benefit defendants can bring to bear.

Even if the greater convenience of the transferee court cannot be established, a change of venue may be justified "where 'the interest of justice' is paramount." *Donald v. Seamans*, 427 F.Supp. 32, 33 (E.D.Tenn.1976). The interest of justice includes many factors and, in fact, may encompass to some degree the convenience of the forum. *Lank v. Federal Insurance Co.*, 309 F.Supp. 349, 353 (D.Del.1970). The possibility of prejudice in the transferor court is certainly another factor included within the interest of justice. *Cincinnati Milacron Industries, Inc.*, 592 F.Supp. at 1118; *Priess*, 535 F.Supp. at 1279. In particular, adverse pretrial publicity is relevant to the decision whether to transfer venue. *City of Cleveland v. Cleveland Electric Illuminating Co.*, 538 F.Supp. 1240, 1254–55 (N.D.Ohio 1980); *City of New York v. General Motors Corp.*, 357 F.Supp. 327, 328 (S.D.N.Y. 1973). In this regard, however, a court may properly defer ruling on the motion for change of venue until the effect of any adverse publicity can be determined at voir dire of the potential jurors. *Cleveland Electric Illuminating Co.*, 538 F.Supp. at 1254.

The burden of proof is on the moving party to demonstrate why a change of venue should be granted. *See Nicol v. Koscinski*, 188 F.2d 537 (6th Cir.1951); *Los Angeles Memorial Coliseum Commission v. National Football League*, 89 F.R.D. 497, 499 (C.D.Cal.1981). Furthermore, the decision whether to grant the change of venue is vested in the sound discretion of the district court. *Artisan Development, Division of Kaiser Aetna*, 402 F.Supp. at 1314. Intradivisional transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under § 1404(a) but apparently judged by a less rigorous standard. *Johnson v. Burlington–Northern, Inc.*, 480 F.Supp. 259, 260 (W.D.Mo.1979).

The only factor in support of transfer which the Mutual Benefit defendants implicate is adverse pretrial publicity. They contend that the instant action and other actions relating to the subject matter of this action have been publicized in a manner which implies their liability. The Mutual Benefit defendants have submitted thirteen newspaper articles in support of their contention. One of these was published in the Columbus Dispatch on March 3, 1988 at page 1C. This article reported that the Ohio Division of Securities had suspended, *inter alia*, the Financial Service Group Inc., Financial Service Associates Inc., Arthur P. Miller, and Robert D. Hamilton, from selling interests in the mortgage pool apparently at issue in the instant case, on the grounds that the interests in the mortgage pool had not been registered as securities. These persons and entities are defendants in the instant case. The suspensions were issued as part of a larger investigation also conducted by the National Association of Securities Dealers and The New England Mutual Life Insurance Company. The Mutual Benefit defendants were not mentioned in this article.

Two other articles appeared in the Delaware, Ohio, Gazette on March 4 and 19, 1988. These articles also mentioned the suspensions but not the Mutual Benefit defendants.

The remaining articles are from the local publication, Business First: The Business Newspaper of Greater Columbus. The Mutual Benefit defendants concede that eight of these articles which were published in the spring of 1988 were "relatively neutral." Memorandum in Support of Motion for Transfer of Venue at 1–2. Only one,

dated May 2, 1988, mentioned the Mutual Benefit defendants, and then, only to indicate that Arthur Miller and his partners had been affiliated with Mutual Benefit Life Insurance Company from February, 1982 until January, 1984. The remaining two articles were published in January and February of 1989. The January article stated that attorneys "met privately here last week in discussions that attorneys said may lead to an out-of-court settlement over money lost in a $4.2 million mortgage investment fund." The article characterized these settlement negotiations as follows:

> Such private meetings are routine in most civil cases. In this instance, however, participation in the meetings by legal representatives of New England is significant in that the Boston company consistently has said it had no liability for losses in the fund and therefore had no reason to participate in any out-of-court settlement discussions.

The February article also mentioned private settlement negotiations and noted that the Securities and Exchange Commission had begun investigations, but did not mention the Mutual Benefit defendants. The Mutual Benefit defendants contend that these articles have prejudiced potential jurors who work in the business and financial fields and will systematically exclude them from being jurors.

The Court does not find these contentions persuasive. These articles have in no way suggested that the Mutual Benefit defendants were liable or have even participated in settlement negotiations. In fact, they were only mentioned in passing in one article published last spring. Even discounting the fact that the Business First newspaper has a limited circulation, the articles published therein could not have had a significant prejudicial impact. Furthermore, this Court draws its venires from the entire southeastern section of the state of Ohio, which composes the Eastern Division of the Southern District of Ohio. Any potential prejudice can certainly be detected and cured during voir dire without eliminating all persons in the business and financial fields. The Court will therefore

decline to exercise its discretion to transfer venue.

In the Mutual Benefit defendants' reply brief, they seek, in the alternative, a protective order prohibiting all parties and their counsel from communicating with nonparties in regard to settlement negotiations. This Court has not been presented with sufficient evidence to justify a protective order at this juncture. This does not preclude the Mutual Benefit defendants from raising this issue again by formal motion which the Court would entertain along with any responses from other parties.

Accordingly, the Mutual Benefit defendants' motion to transfer venue is DENIED.