**The HOOVER COMPANY, Plaintiff,**

v.

**ROBESON INDUSTRIES CORP., et al., Defendants.**

**No. 5:93 CV 1731.**

United States District Court, N.D. Ohio, Eastern Division.

Nov. 13, 1995.

Phillip L. Kenner, Sylvia A. Petrosky, Ray L. Weber, Renner, Kenner, Greive, Bobak, Taylor & Weber, Akron, OH, for plaintiff.

Maryanne R. Rackoff, [term 03/03/94] Richard V. Zurz, Jr., [term 03/03/94] James W. Slater, [term 03/03/94] [COR LD NTC]

Christoff, Slater, Haskins & Zurz, Akron, OH, for defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Plaintiff's motion to join Carmen Giannini as a party defendant. The Defendants have filed opposition to the motion, and Plaintiff has replied thereto. For the following reasons, Plaintiff's motion will be denied.

### BACKGROUND

Plaintiff filed this action for patent and trademark infringement in this Court, alleging that Defendant GSL Industries, Ltd. ("GSL") has manufactured and sold a vacuum cleaner that infringes on Hoover's U.S. Patent No. 4,381,685. GSL distributes its product in Ohio through Sears and Wal–Mart stores.

Carmen Giannini is an independent manufacturer's representative for GSL. His wholly-owned company, "Marketing Experience," is incorporated and located in Illinois. Giannini was involved in the sale of approximately 58,000 of the allegedly infringing vacuums to Sears for distribution throughout the United States.

Plaintiff has moved to have Giannini joined as a party defendant. Plaintiff claims that Giannini has sold infringing vacuums to Sears, and that its action against Giannini arises out of the same transaction that gave rise to its claim against GSL.

Defendants oppose joinder of Giannini. They argue (1) that this Court lacks *in personam* jurisdiction over Giannini; (2) that venue is improper in this Court as to the transactions involving Giannini; and (3) that the infringement claims brought against GSL cannot be imputed to Giannini. Because the Court has determined that it lacks personal jurisdiction over Giannini, it is unnecessary to consider the latter two arguments.

### DISCUSSION

The first issue before the Court is whether the Court has *in personam* jurisdiction over Carmen Giannini. The Court engages in a two-step process in making this

determination. First, it must look to Ohio law. A federal district court has personal jurisdiction over any person "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed.R.Civ.P. 4(k)(1)(A). If state law grants the Court jurisdiction over Giannini's person, the Court must then determine whether such jurisdiction comports with the due process requirements of the United States Constitution. Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940).

■ Plaintiffs argue that the Court has personal jurisdiction over Giannini under a portion of the Ohio long-arm statute providing for jurisdiction over a person:

as to a cause of action arising from the person's ...

\*    \*    \*    \*    \*    \*

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state....

Ohio Rev.Code § 2307.382(A)(4) (Anderson 1995). Patent and trademark infringement are torts. *Carbice Corporation of America v. American Patents Dev. Corp.,* 283 U.S. 27, 33, 51 S.Ct. 334, 336, 75 L.Ed. 819 (1931); *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 785, 112 S.Ct. 2753, 2766, 120 L.Ed.2d 615 (1992) (Thomas, J., concurring in judgment). Plaintiffs claim that Giannini's sales activity outside the state caused tortious injury—infringement—inside the state, and that this Court, therefore, has jurisdiction over his person.

■ The Court is satisfied that Plaintiff has raised a sufficient claim that Giannini's out-of-state conduct caused an in-state tort to confer jurisdiction over Giannini if he "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." In determining whether Giannini conducted business in Ohio, this Court must sit as an Ohio state court, and is bound by Ohio state precedent.

The Ohio long-arm statute was first construed by the Sixth Circuit in a 1972 case, *In–Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972). At the time, the Ohio long-arm statute was only a few years old and had not yet been construed authoritatively by Ohio state courts. *Id.* at 224. In the absence of direct guidance from the state courts, the Sixth Circuit looked to how courts in other states had construed similarly worded statutes. It adopted a rule extending personal jurisdiction under the statute to the limits of due process, in the belief that Ohio legislature intended to achieve such a result. *Id.* at 225.

■ It has since become clear that Ohio state courts do not interpret Ohio Rev.Code § 2307.382(A) to extend personal jurisdiction to the limits of due process. *See, e.g., Goldstein v. Christiansen,* 70 Ohio St.3d 232, 238 n. 1, 638 N.E.2d 541, 546 (1994) (holding it error to interpret the long-arm statute to give Ohio courts jurisdiction to the limits of the Due Process Clause, "since that interpretation would render the first part of the court's two-part analysis nugatory."); 4 Harper & Solimine, Anderson's Ohio Civil Practice 37, § 150.33 (Supp.1993); McCormac, Ohio Civil Rules Practice 49, § 3.10 (2d Ed.1992); 22 Ohio Jur.3d 430, Courts & Judges § 280 (1980); *see also Ross v. Spiegel, Inc.,* 53 Ohio App.2d 297, 302–03, 373 N.E.2d 1288, 1293 (1977). Even where minimum contacts with the forum exist, the actual transaction of business in-state is a prerequisite to the exercise of long-arm jurisdiction under § 2307.382(A)(1), (4) or (5). *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.,* 8 Ohio App.3d 236, 238, 456 N.E.2d 1309, 1312 (1982); *Gold Circle Stores v. Chemical Bank,* 4 Ohio App.3d 10, 14, 446 N.E.2d 194, 197–98 (1982); see also *Weiskopf Ind. Corp. v. Hidden Valley Towel, Inc.,* No. 67436, 1994 WL 716342, at *3 (Ohio App. Dec. 22, 1994).

■ This Court must ask, therefore, not only whether due process is satisfied, but whether it has jurisdiction over Giannini under the more stringent requirements of the state statute. Further, Ohio state courts have rejected the argument that the court may exercise jurisdiction over a defendant merely because that defendant places a product into the stream of commerce that may forseeably flow into Ohio. The nonresident defendant must do some act or consummate some transaction within the forum. *Mellott v. Dico Co., Inc.,* 7 Ohio App.3d 52, 53–55, 454 N.E.2d 146, 148–49 (1982). The question is not whether the transaction created an impact on Ohio commerce, but whether the nonresident transacted business in Ohio. *Ohio State Tie & Timber,* 8 Ohio App.3d at 239, 456 N.E.2d at 1313.

■ The Defendants argue in opposition to Plaintiff's motion that Giannini satisfies none of the statutory requisites. Giannini is a resident of Illinois. His company is incorporated in Illinois and has Illinois as its sole place of business. Plaintiff does not dispute that Giannini has no offices in Ohio; he is not licensed to do business in Ohio; he does not solicit business in Ohio; he has never entered into a contract with an Ohio resident; he does not negotiate sales in Ohio; he does not ship any goods into Ohio; and he does not visit Ohio to facilitate his business.

Plaintiff has fully briefed the issue of whether sufficient minimum contacts exist between Giannini and the forum to satisfy due process. Plaintiff has unfortunately omitted, however, to brief the issue of whether the Ohio long-arm statute is satisfied as well. This omission appears not to have resulted from any intentional neglect on Plaintiff's part, but from reliance on an erroneous statement in this Court's Order of July 18, 1994 to the effect that the standards under the long-arm statute and the Due Pro-

cess clause were the same. The Court, therefore, has conducted its own review of the relevant Ohio case law to determine whether it has *in personam* jurisdiction under the Ohio long-arm statute.

The portion of the Ohio long-arm statute at issue grants jurisdiction if any one of three requisites is satisfied: (1) the tortfeasor regularly does or solicits business in Ohio; (2) the tortfeasor engages in any other persistent course of conduct in Ohio; or (3) the tortfeasor derives substantial revenue from goods used or consumed or services rendered in Ohio. Ohio Rev.Code § 2307.382(A)(4) (Anderson 1995). No evidence is before the Court that Giannini either regularly does or solicits business, or engages in any other persistent course of conduct in Ohio. If this Court has personal jurisdiction over Giannini, it must be on the ground that Giannini derives substantial revenue from goods used or consumed or services rendered in Ohio.

■ "Substantial revenue" is a flexible term, and the trial court has a considerable amount of latitude in determining what constitutes substantial revenue. *Mead Corp. v. Allendale Mut. Ins. Co.,* 465 F.Supp. 355, 360 (N.D.Ohio 1979); *Ross,* 53 Ohio App.2d at 304, 373 N.E.2d at 1294. The parties agree that Giannini realized income in the amount of approximately $1,920.60 in commissions on the sales of vacuum cleaner products through Sears stores in Ohio. This amount is approximately 5% of the total commissions Giannini received on the Sears vacuum account. Although there is no floor on what constitutes "substantial revenue," the Court has been unable to find a single reported Ohio case holding an amount as low as $1,920.60 to be substantial revenue.[1] Nor are there any reported cases holding an amount equal to only 5% of total sales to be substantial. The Court, therefore, believes that an Ohio court would hold Giannini's commission not to constitute substantial revenue.

---

1. *Compare Sherry v. Geissler U. Pehr GmbH,* 100 Ohio App.3d 67, 651 N.E.2d 1383 (1995) (sale of one commercial felt winding machine for an undisclosed sum held not to be "substantial revenue"); *Pharmed Corp. v. Biologics, Inc.,* 97 Ohio App.3d 477, 646 N.E.2d 1167 (1994) (sales contract with Ohio corporation for $135,000 constituted transacting business in Ohio, but was not "substantial revenue"); *McHugh v. Prestodial, Inc.,* 18 Ohio Misc. 111, 241 N.E.2d 102 (1968)

(single sale of $4,475 plus $135 shipping held not to be "substantial revenue") *with Mead Corp. v. Allendale Mut. Ins. Co.,* 465 F.Supp. 355 (N.D.Ohio 1979) ($4,000,000 to $5,000,000 in sales held to be "substantial revenue"); *Stewart v. Bus and Car Co.,* 293 F.Supp. 577 (N.D.Ohio 1968) (sale of two businesses for $90,000 held to be "substantial revenue"); *Busch v. Serv. Plastics, Inc.,* 261 F.Supp. 136 (N.D.Ohio 1966) (annual sales between $100,000 and $200,000 held

Since Giannini neither regularly does or solicits business in Ohio, engages in any other persistent course of conduct in Ohio, nor derives substantial revenue from goods used or consumed or services rendered in Ohio, he cannot be subject to the reach of Ohio Rev. Code § 2307.382(A)(4). This Court, therefore, must deny Plaintiff's motion to join Giannini as a party for lack of *in personam* jurisdiction.

█ Plaintiff has argued in its brief that Giannini and GSL should be treated the same for purposes of personal jurisdiction. The Court disagrees. Giannini and GSL are differently situated. First, GSL derived approximately $48,015 in revenue from the Ohio sales, twenty-five times as much as did Giannini. This amount is comparable to amounts that Ohio courts have held to constitute substantial revenue. Second, GSL is a foreign corporation. Federal courts have sometimes been more willing to find personal jurisdiction over foreign corporations on facts similar to these because of the possibility that a foreign manufacturer could otherwise "insulate itself from liability in each of the 50 states simply by using an independent national distributor to market its products." *Tobin v. Astra Pharmaceutical Prod. Inc.*, 993 F.2d 528, 544 (6th Cir.) *cert. denied* —— U.S. ——, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993). With Giannini, there is no risk that Plaintiff will not be able to find a forum in which to sue Giannini, because Giannini clearly is subject to the jurisdiction of Illinois courts. For these reasons, this Court's previous holding that it has *in personam* jurisdiction over GSL does not necessarily imply that it also has *in personam* jurisdiction over Giannini.

### CONCLUSION

For the above reasons, Plaintiff's motion to join Carmen Giannini is denied.

IT IS SO ORDERED.

to be "substantial revenue"); *Ross v. Spiegel, Inc.,* 53 Ohio App.2d 297, 373 N.E.2d 1288 (1977) (Ohio's proportionate share of $30,000,-000 to $74,000,000 in national sales held to be

"substantial revenue"); *McCormick v. Haley,* 29 Ohio Misc. 97, 279 N.E.2d 642 (Ohio Com.Pl. 1971) ($160,000 in sales held to be "substantial revenue").