**KRUTOWSKY, Appellant,**

v.

**SIMONSON, d.b.a. Simonson's Brown Lane USA, Appellee.**

[Cite as *Krutowsky v. Simonson* (1996), 109 Ohio App.3d 367.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17358.

Decided Feb. 14, 1996.

*Joseph E. Oliver*, for appellant.

*Donald S. Varian*, for appellee.

REECE, Presiding Judge.

Appellant, Stephen Krutowsky, appeals the Summit County Court of Common Pleas' dismissal of his complaint against appellee Lloyd Simonson for lack of personal jurisdiction. We affirm.

Stephen Krutowsky resides in Hudson, Ohio and owns a 1962 Rolls Royce Silver Cloud convertible automobile. The Rolls needed repair and some restoration. Krutowsky read Simonson's advertisement as a restorer and repairer of vintage automobiles in a national magazine. Krutowsky called Simonson by phone and they orally agreed to contract for the repair and restoration of the Rolls.

Simonson apparently did business as Simonson's Brown Lane USA and was president of Wood Works, Ltd. Simonson and Wood Works are located in Taylorville, Illinois. Wood Works is incorporated under Illinois law. Krutowsky shipped the Rolls from its location in South Carolina to Taylorville. On October 18, 1990, Krutowsky, accompanied by his agent Bob Saffrian, went to Taylorville to inspect the car. They discussed terms with Simonson and agreed at a price of $19 per hour plus parts and labor. Krutowsky expressed to Simonson his desire to get the Rolls up to "Pebble Beach standards."

Krutowsky became dissatisfied with the work and sued Simonson in the Summit County Court of Common Pleas for breach of contract, fraudulent misrepresentation, and engaging in unfair trade practices. Simonson moved to dismiss the complaint for lack of personal jurisdiction. Krutowsky responded in opposition. The parties did not object to the trial court's ruling on the motion without conducting an oral hearing. The trial court found that Krutowsky could not prove that Simonson had the requisite minimum contacts with Ohio to avail himself of the personal jurisdiction of the trial court. The trial court reasoned that because Simonson did not make the initial contact, did not do business in Ohio, performed the work in Illinois, and only had contact with Krutowsky in Ohio by mail and phone, minimum contacts with Ohio did not exist. Krutowsky now appeals.

Krutowsky raises one assignment of error. He argues that the trial court improperly dismissed his complaint because he successfully proved that Simonson had minimum contacts with Ohio. He also urges this court to reverse the trial court because the court did not hold an oral hearing on the motion to dismiss.

When determining whether a state court has personal jurisdiction over a nonresident individual, "the court must determine whether the state's 'long-arm' statute and applicable civil rule confer personal jurisdiction * * *." *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 184, 624 N.E.2d 1048, 1051. Therefore, nonresident individuals must have certain "minimum contacts" with the forum state. *Universal Coach, Inc. v. New York City Transit Auth., Inc.* (1993), 90 Ohio App.3d 284, 287, 629 N.E.2d 28, 30, citing *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. In order to obtain minimum contacts, the plaintiff must prove that the nonresident defendant "purposely avail[ed himself] of the privilege of conducting activities within the forum State." *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298.

R.C. 2307.382 and Civ.R. 4.3(A) provide the governing provisions for the minimum contact analysis. R.C. 2307.382 provides:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;

"(2) Contracting to supply services or goods in this state;

"(3) Causing tortious injury by an act or omission in this state;

"(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

"(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

"(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might have reasonably expected that some person would be injured thereby in this state;

"(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

"(8) Having an interest in, using, or possessing real property in this state;

"(9) Contracting to insure any person, property, or risk located within this state at the time of the contracting."[1]

When deciding whether a defendant falls within the reach of the long-arm statute, a court should consider three factors:

"First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Cincinnati Art Galleries v. Fatzie* (1990), 70 Ohio App.3d 696, 699, 591 N.E.2d 1336, 1338, quoting *S. Machine Co. v. Mohasco Industries, Inc.* (C.A.6, 1968), 401 F.2d 374, 381.

---

1. We note that Civ.R. 4.3(A) is coextensive and consistent with R.C. 2307.382. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 479–480.

The trial court correctly determined that Simonson never purposely availed himself of acting in Ohio. Several facts support this. First, it was Krutowsky who initiated the contact. Simonson thus gained contact with Ohio not by his own efforts but through the actions of Krutowsky. See *Friedman v. Speiser, Krause & Madole, P.C.* (1988), 56 Ohio App.3d 11, 565 N.E.2d 607 (Ohio resident who initiated contact with out-of-state law firm could not establish minimum contacts). Second, Krutowsky learned of Simonson not by Simonson's active advertisement in this state but by a magazine advertisement published in another state. We cannot say a person subjects himself to Ohio's jurisdiction simply by advertising in a magazine with national circulation.

In addition, Simonson did not reside in Ohio and performed the majority of his work in Illinois, including the work on the Rolls. Furthermore, Krutowsky actually left Ohio and went to Illinois to meet with Simonson. Moreover, Saffrian, Krutowsky's agent, made payments on the contract in Illinois as well. Such actions do not indicate Simonson's purposeful availment. These actions indicate that Illinois constituted the situs of the transaction between the parties. Therefore, Simonson did not need to come into contact with Ohio in order to enter into the contract. The only intentional contact Simonson had with Ohio was the mailing of invoices and reports to Ohio and also calling Krutowsky in Ohio to occasionally give updates on the work. Such actions, without more, do not rise to the level of minimum contacts. *Friedman,* 56 Ohio App.3d at 14, 565 N.E.2d at 609–610. Therefore, the trial court correctly dismissed the complaint for lack of personal jurisdiction.

The trial court also did not err by not conducting an oral hearing on the motion to dismiss. The record in this appeal contains an App.R. 9(C) statement wherein the trial court stated:

"After oral argument from both parties regarding the issues raised by said Motion, the Court indicated in lieu of sworn testimony, that it would rule on the Motion to Dismiss based on the pleadings, oral arguments of counsel, and the Briefs which had been submitted by the parties, including the affidavits and other exhibits which had been attached thereto. Neither party objected to that procedure."

Krutowsky has waived his right to argue as error the failure to get an oral hearing based on the above statement of the evidence.

Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment accordingly.*

DICKINSON and SLABY, JJ., concur.