OPINION
Appellee Richard Gold collects classic cars. He is a resident of Florida. Francis Roxas restores classic cars at his place of business in Illinois. Gold authorized Roxas to sell an unrestored classic car, which was owned by Gold, but located at Roxas' place of business.
In February, 1994, an advertisement for the car was placed inHemmings Motor News, a national publication featuring ads for classic or antique motor vehicles. The ad listed the car for sale as an unrestored 1932 Cadillac.
Appellant McBel Trust contacted Roxas about purchasing the car. Roxas directed appellant to Gold, and thereafter, appellant contacted Gold regarding a possible trade. Gold selected four cars that he would accept as a trade in exchange for the Cadillac. Eventually, appellant's four cars were delivered to Roxas in Illinois, and the 1932 Cadillac was shipped from Illinois to appellant in Ohio.
Appellant filed suit in Stark County, Ohio, alleging that the car was not as represented in the advertisement. Appellees Gold and Classic Cafe and Bar moved to dismissed for lack of personal jurisdiction, arguing that they did not have minimum contacts with the State of Ohio. The court dismissed the action, finding that it did not have jurisdiction over appellees pursuant to R.C.2307.382, Ohio's long-arm statute.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN ITS DETERMINATION THAT IT LACKED PERSONAL JURISDICTION OVER APPELLEES.
In order to establish personal jurisdiction over a non-resident defendant, the plaintiff must show: (1) that R.C.2307.382 and Civ.R. 4.3(A) apply, so as to allow such jurisdiction, and (2) the granting of personal jurisdiction will not violate the defendant's due process rights. U.S. SprintCommunications Co., LTD. Partnership vs. Mr. K's Foods, Inc.
(1994), 68 Ohio St.3d 181.
R.C. 2307.382 provides in pertinent part:
 (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
 (2) Contracting to supply services or goods in this state;
 (3) Causing tortious injury by an act or omission in this state;
 (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; . . .
Civ.R. 4.3 permits services of process on a non-resident defendant who falls within reach of the long-arm statute.
Once jurisdiction is conferred by the statute, due process requires that the defendant have minimum contacts with the forum, such that establishing jurisdiction does not offend traditional notions of fair play and substantial justice. International ShoeCompany vs. State of Washington (1945), 326 U.S. 310, 316. The touchstone is whether the defendant purposefully established minimum contacts in the forum state. Burger King vs. Rudzewicz
(1985), 471 U.S. 462, 474.
Minimum contacts have been defined as conduct which creating a substantial connection to the forum state, creating continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state. McGee vs.International Life Insurance Company (1957), 355 U.S. 220, 223;Travelers Health Association vs. Virginia (1950), 339 U.S. 643,648; Burger King, supra, at 476.
Appellant argues that appellee advertised the vehicle in a national magazine that was readily available in Ohio. However, a person does not subject himself to Ohio's jurisdiction simply by advertising in a magazine with national circulation. Krutowskyvs. Simonson (1996), 109 Ohio App.3d 367, 371. The mere solicitation of business does not meet the definition of transacting business in Ohio. U.S. Sprint, supra, at 185.
Appellant also argues that appellees went beyond soliciting business in Ohio, as Gold participated in negotiations and signed a contract. However, a contract with an out-of-state party does not alone establish sufficient minimum contacts. Burger King,supra, at 478-79. In determining whether the defendant purposefully established minimum contacts within the forum, the court must consider prior negotiations and contemplated future consequences, along with the terms of the contract, and the parties' actual course of dealing. Id.
In the instant case, appellant initiated the contact with appellee in order to purchase the car. The automobiles involved were shipped between Ohio and Illinois. Gold did not visit Ohio at any time in relation to the trade of the automobiles. Although Gold has been to Ohio on prior occasions, there was no evidence that he had been to Ohio for purposes of this transaction. Although the contract called for Gold to ship all the necessary parts for the car to appellant in Ohio, the requirement did not create a continuing obligation. The court did not err in concluding that appellees did not purposefully establish minimum contacts within Ohio.
Appellants reliance on this court's decision in CarmelPublishing, Inc. vs. Caldwell Banker Realty, Inc. (June 16, 1997), Stark App. No. 1997CA00069, unreported, in misplaced. In CarmelPublishing, the parties entered into a one-year contract with on-going performance by both parties. Therefore, the non-resident defendant in that case contemplated a future on-going relationship with the Ohio resident at the time of contracting. However, in the instant case, the transaction was a one-time trade of various vehicles, with no on-going relationship between the parties, and no time period defined in the contract as to the length of their relationship. The obligation of Gold to supply less than one percent of any missing parts on the classic automobile, following the initial trade, is not a significant obligation constituting a continuing relationship between the parties, as argued by appellant.
The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellants.