DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Military Supply Inc. ("Military Supply") appeals from the dismissal of its complaint against appellees-defendants Reynosa Construction, Inc. ("Reynosa") and Mid-Continent Casualty in the Summit County Court of Common Pleas.[1] This Court affirms.
Military Supply is an Ohio corporation that supplies government contractors with building materials that are used in jobs for military bases and other government installations. Reynosa is a Texas-based government contractor, and Mid-Continent Casualty is an insurance company that had issued a performance and payment bond on work Reynosa contracted to complete at Dyess Air Force Base in Texas. Military Supply was to supply doors to Reynosa, which would in turn install the doors in two renovated dormitories on the Texas base. The doors were manufactured in Texas pursuant to an arrangement between Military Supply and a third company that is not a party to this proceeding.
During the project, dispute arose over the specifications of the doors, which resulted in an additional $13,483.54 cost above the contract price. Both companies blamed the other for the extra costs incurred and Reynosa balked at paying the additional money; Reynosa paid only the original contract price. Thereafter, on April 13, 1998, Military Supply filed a complaint for breach of contract against Reynosa and Mid-Continent Casualty. The complaint alleged that Reynosa had failed to pay for goods and materials and that Mid-Continent Casualty had failed to honor its performance and payment bond. In response, Reynosa and Mid-Continent Casualty filed a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction on May 15, 1998. The trial court granted the motion on September 17, 1998, finding that:
 Reynosa never travelled [sic] to Ohio, was not registered to do business in Ohio and the barracks were renovated in Texas.
 The only intentional contact [Reynosa] had with the State of Ohio were the negotiations over the doors and windows to be supplied, telephone calls about the doors and windows, and mailing the check to [Military Supply]. Accordingly, this Court finds that it has no personal jurisdiction over [Reynosa] in this matter. [Military Supply] has failed to make even a prima facie showing of jurisdiction to withstand a motion to dismiss.
Military Supply timely appealed, asserting a single assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT MILITARY SUPPLY'S COMPLAINT AGAINST APPELLEE REYNOSA WHERE MILITARY SUPPLY HAD ESTABLISHED A PRIMA FACIE CASE OF PERSONAL JURISDICTION OVER THE APPELLEE.
In its sole assignment of error, Military Supply argues that Reynosa was subject to Ohio's long-arm statute and that, as a result, the trial court erred in granting the motion to dismiss for lack of personal jurisdiction.[2] This Court disagrees.
The Supreme Court of Ohio has set forth a two-part test for determining when a state court has personal jurisdiction over a foreign corporation:
 First, the court must determine whether the state's "long-arm" statute and applicable civil rule confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.
U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods,Inc. (1994), 68 Ohio St.3d 181, 183-184, citing Fallang v. Hickey
(1988), 40 Ohio St.3d 106; Kentucky Oaks Mall Co. v. Mitchell'sFormal Wear, Inc. (1990), 53 Ohio St.3d 73. This Court has previously explained that determining whether R.C. 2307.38.2, the Ohio long-arm statute, is applicable depends upon whether the nonresident party has sufficient "minimum contacts" with Ohio.Krutowsky v. Simonson (1996), 109 Ohio App.3d 367, 369, citingUniversal Coach, Inc. v. New York City Transit Auth., Inc. (1993),90 Ohio App.3d 284, 287. To establish minimum contacts, a plaintiff must demonstrate "that the nonresident defendant `purposely avail[ed himself] of the privilege of conducting activities within the forum State.'" (Alteration in original.) Id., quoting Hanson v.Denckla (1958), 357 U.S. 235, 253.
R.C. 2307.38.2(A)(1) provides that a foreign corporation such as Reynosa "submits to the personal jurisdiction of an Ohio court if its activities lead to `[t]ransacting any business' in Ohio." (Alteration in original.) U.S. Sprint Communications Co. Ltd.Partnership, supra, at 185. Therefore, the threshold question in the instant case is whether Reynosa had sufficient minimum contacts with Ohio so that it could be said to have been transacting business in the forum state.
This Court has explained that, when deciding whether the long-arm statute applies, a court should consider three factors:
 First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
Krutowsky, supra, at 370, quoting Cincinnati Art Galleries v.Fatzie (1990), 70 Ohio App.3d 696, 699. See, also, Clark v.Connor (1998), 82 Ohio St.3d 309, 314, quoting Goldstein v.Christiansen (1994), 70 Ohio St.3d 232, 237 ("`The constitutional touchstone is whether the nonresident defendant purposefully established "minimum contacts" in the forum state; purposeful establishment exists where, inter alia, the defendant has created continuing obligations between himself and residents of the forum.'"). Applying the facts herein to the criteria set forth inKrutowsky, this Court concludes that Reynosa lacked sufficient minimum contacts so that R.C. 2307.38.2 and Civ.R. 4.3(A) would confer personal jurisdiction in the courts of this state.
The interaction between Military Supply and Reynosa began on March 28, 1996, when Military Supply sent Reynosa a general specification quotation for the doors and other items; two days prior to this, Military Supply had learned from a government contracting officer that Reynosa was one of the contractors on the list for the Dyess Air Force Base dormitory project. The quotation stated: "Prices shown are valid for sixty days." In response, Reynosa requested additional information and quotations, which Military Supply provided in a communication dated March 29, 1996. On April 25, 1996, Reynosa then sent Military Supply a purchase order for doors contained in the initial price quotation, well within the sixty-days contemplated by the March 28, 1996 quotation.
Drawing upon these facts, Military Supply argues to this Court that Hammill Mfg. Co. v. Quality Rubber Prod., Inc. (1992),82 Ohio App.3d 369, is dispositive. This Court disagrees. InHammill, the Sixth District stated that "we hold that a corporate nonresident, for the purposes of personal jurisdiction, is `transacting any business,' within the plain and common meaning of the phrase, where the nonresident corporation initiates, negotiates a contract, and through the course of dealing becomes obligated to make payments to an Ohio corporation." (Emphasis added.) Id. at 374. Unlike Hammill, the instant case is one in which the nonresident corporation did not initiate the proceedings. Rather, the record clearly indicates that Military Supply contacted Reynosa first by its March 28, 1996 communication. Further, the product involved in Hammill was returned to Ohio for modification by an Ohio company; the products in the instant case remained in Texas, where a Texas company performed the modifications. To overlook such critical facts would be to extend Hammill in such a manner that would create a general rule that broadly favors personal jurisdiction, and the Supreme Court of Ohio has cautioned against rendering any such generalizations in favor of proceeding on a case-by-case determination. See U.S. Sprint Communications Co. Ltd, supra, at 185. Cognizant of that policy, this Court finds Hammill
unpersuasive in light of the specific facts involved herein.[3]
More persuasive is this Court's prior holding in Krutowsky. In Krutowsky, this Court found that personal jurisdiction did not exist because the defendant had not purposely availed himself of acting in Ohio. In reaching this conclusion, this Court found relevant that the Ohio-based plaintiff had initiated the contact, that the plaintiff had not learned of the defendant by any active advertisement on the part of the defendant, that the defendant did not reside in Ohio, and that the majority of the work had been performed outside of Ohio, among other additional factors.[4]
Such reasoning is applicable here. As noted, Military Supply initiated contact with Reynosa. The Texas company had not actively advertised with an intent to create a business relationship with an Ohio company, but instead had responded to Military Supply's business proposal. Although Military Supply argues that Reynosa had "revived" business relations after previously rejecting Military Supply's offer, the fact that the offer remained open for sixty days and that Reynosa reacted within that period is notable. Further, Reynosa was not based in Ohio, had no agents in Ohio, and owned no land in Ohio. The work that was performed on the doors never took place in Ohio and was not intended to establish an ongoing relationship between the parties. Rather, the contractual relationship of the parties consisted of a single business transaction.[5] While Military Supply is correct in noting that there had been communication at various times between the parties regarding the door specifications and related matters,[6] such communication by itself is insufficient to rise to the level of minimum contacts. SeeKrutowsky, supra, at 371, citing Friedman v. Speiser, Krause Madole, P.C. (1988), 56 Ohio App.3d 11, 14. See, also, Patlen,Inc. v. Gardner (Oct. 15, 1998), Cuyahoga App. No. 73428, unreported. Similarly, while Military Supply relies upon a number of federal cases in which personal jurisdiction was predicated upon a single act, such as entering into a contract, these cases conclude that personal jurisdiction could be found, not that itmust be found. Adhering to the previously recognized admonition by the Supreme Court of Ohio to avoid such broad generalizations in personal jurisdiction cases, this Court declines to adopt such a sweeping rule. See U.S. Sprint Communications Co. Ltd, supra, at 185.
Accordingly, this Court cannot say that the trial court erred in finding a lack of personal jurisdiction. The judgment of the Summit County Court of Common Pleas is therefore affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT.
WHITMORE, J., BATCHELDER, J., CONCUR.
[1] According to the pleadings, Mid-Continent Casualty is also known by the names Mid-Continent Group and Mid-Continent Insurance. Because the trial court primarily used the designation Mid-Continent Casualty, this Court will adhere to that name.
[2] Although Reynosa has devoted a portion of its brief to arguing that the trial court also lacked subject matter jurisdiction over the claim against Mid-Continent Casualty, Military Supply has not presented an argument regarding its claim against Mid-Continent Casualty. Consequently, this Court need not reach this aspect of the case and expresses no opinion as to the matter.
[3] This is not to imply, however, that the determination is always dependent upon who initiates contact. This Court notes that, "[f]or purposes of personal jurisdiction, * * * the mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio." U.S. SprintCommunications Co. Ltd. Partnership, supra, at 185, citingWainscott v. St. Louis-San Francisco Ry. Co. (1976), 47 Ohio St.2d 133. Rather, "a nonresident's ties must `create a "substantial connection" with the forum State.'" Id., citingBurger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 475. The question of who initiated contact is but one factor to be considered.
[4] Also relevant in Krutowsky was the fact that payments were made outside Ohio. This factor is not necessarily dispositive, however, because it is just one of several factors a court should review.
[5] On appeal, Military Supply argues that this Court must accept the trial court's "determination that Reynosa's conduct fell within Ohio's long[-]arm statute" and that this finding "cannot be disturbed on appeal." In support of this proposition, Military Supply relies upon Duracote Corp. v. Goodyear Tire Rubber Co. (1983), 2 Ohio St.3d 160, 162. However, Duracote and the cases cited therein stand for the proposition that the Supreme Court of Ohio need not revisit factual findings in manifest weight of the evidence cases, based upon repealed R.C. 2505.31, amended and recodified as current R.C. 2503.43. As such, this argument is of no concern to this Court.
[6] Military Supply states that Reynosa had purchased additional items and that Reynosa had submitted a credit application. The record, however, does not clearly support these claims. Although it appears that items other than doors were shipped to Reynosa, no additional purchase orders from Reynosa to Military Supply are included in the record. Further, the only credit application in the record is between Reynosa and Oshkosh Architectural Door Company, a Wisconsin company. As such, this Court cannot consider such unsupported factual representations. See McAuley v. Smith (1998), 82 Ohio St.3d 393, 396.