**KOBILL AIRWAYS LTD., Plaintiff,**

v.

**NATIONAL FLIGHT SERVICES, INC., et al., Defendants.**

No. 3:99 CV 7693.

United States District Court,
N.D. Ohio,
Western Division.

April 6, 2000.

690

Alan J. Lehenbauer, McQuades Company, Swanton, OH, Lawrence S. Novak, Uniondale, NY, for Plaintiff.

Jay Bernard Eggspuehler, Wiles, Boyle, Burkholder & Bringardner, Columbus, OH, David M. Jones, Myron Charles Collins, Eastman & Smith, Toledo, OH, Paul B. Lee, Leo W. Nelsen, Holtkamp, Liese, Beckenmeier & Childress, St. Louis, MO, Alton L. Stephens, Jr., Michael Terence Cawley, M. Bridey Matheney, Gallagher, Sharp, Fulton & Norman, Cleveland, OH, Jay Bernard Eggspuehler, Wiles, Boyle, Burkholder & Bringardner, Columbus, OH, William Michael Conway, Conway & Hall, Dayton, OH, for Defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on the motion of Maine Aviation Sales, Inc. ("MASI") to dismiss for lack of personal jurisdiction. For the following reasons, Defendant's motion will be granted.

### BACKGROUND

This diversity action arises out of the sale of an aircraft from Third–Party Defendant Ludington News Co., Inc.[1] to Plaintiff Kobill Airways, Ltd. Plaintiff alleges that the aircraft was defective. Defendant MASI brokered the transaction

---

1. Defendant National Flight Services, Inc. brought a third-party complaint against Ludington News.

through an arrangement whereby MASI purchased the aircraft from Ludington News and immediately sold it to Kobill.

Defendant MASI is a Maine company with no place of business in Ohio. At the time of the transaction, the subject aircraft was hangared at the Toledo Express Airport in Swanton, Ohio. MASI alleges that it never had actual possession of the aircraft and was unaware of its location at the time of the sale. Plaintiff has not alleged the existence of any other connection between MASI and the state of Ohio.

MASI has moved to dismiss for lack of personal jurisdiction. It argues that it lacks the requisite minimum contacts with the forum state of Ohio. Kobill and Third–Party Defendant Ludington News have filed opposition, and MASI has replied thereto. The Court discusses the parties' contentions below.

### DISCUSSION

■ The Plaintiff bears the burden of making a prima facie showing that the Court has jurisdiction over the person of each Defendant to the action. On a motion to dismiss for lack of personal jurisdiction, the Court treats the allegations contained in Plaintiff's complaint, affidavits, and depositions as true, and resolves any factual dispute in Plaintiff's favor. *Welsh v. Gibbs*, 631 F.2d 436, 438–39 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Gold Circle Stores v. Body Maven, Inc.*, 711 F.Supp. 897, 899 (S.D.Ohio 1988).

■ The Court engages in a two-step process in determining whether it has *in personam* jurisdiction over the Defendant. First, it must look to Ohio law. A federal district court has jurisdiction over any person "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed.R.Civ.P. (4)(k)(1)(A). If state law grants the Court *in personam* jurisdiction, the Court must then determine whether such jurisdiction comports with the due process requirements of the United States Constitution. Due process requires that the defendant "have certain

minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal quotation and citation omitted).

### 1. Personal Jurisdiction Under Ohio Law

■ Contrary to Ludington News's representations, the Ohio long-arm statute does not extend personal jurisdiction to the limits of due process. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 238 n. 1, 638 N.E.2d 541, 546 n. 1 (1994) (holding it error to interpret the long-arm statute to give Ohio courts jurisdiction to the limits of the Due Process Clause, "since that interpretation would render the first part of the court's two-part analysis nugatory"); *see also Hoover Co. v. Robeson Indus. Corp.*, 904 F.Supp. 671, 673 (N.D.Ohio 1995), and cases cited therein. The Ohio long-arm statute provides for jurisdiction over a person as to a cause of action arising from the person's:

(1) Transacting any business in the state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state; [or]

(4) Causing tortious injury in this state by an act or omission outside the state, if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

Ohio Rev.Code § 2307.382(A). Even where minimum contacts with the forum exist, the actual transaction of business instate is a prerequisite to the exercise of long-arm jurisdiction under § 2307.382(A)(1) or (2). *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.*, 8 Ohio App.3d 236, 238, 456 N.E.2d 1309, 1312 (1982); *Gold Circle Stores v. Chemical*

*Bank–Dommerich Division,* 4 Ohio App.3d 10, 14, 446 N.E.2d 194, 197–98 (1982).

Ludington News first alleges that *in personam* jurisdiction is proper because MASI transacted business in the state within the meaning of Ohio Rev.Code § 2307.382(A)(1). In *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.,* 53 Ohio St.3d 73, 559 N.E.2d 477 (1990), *cert. denied,* 499 U.S. 975, 111 S.Ct. 1619, 113 L.Ed.2d 717 (1991), the Ohio Supreme Court held that "transact" was defined for purposes of § 2307.382(A) to mean "to prosecute negotiations; to carry on business; to have dealings. The word embraces in its meaning the carrying on or prosecution of business negotiations, but it is a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion." *Id.* at 75, 559 N.E.2d at 480 (quoting Black's Law Dictionary 1341 (5th ed.1979) (emphases and ellipses omitted)). At the same time, however, the nonresident defendant must do some act or consummate some transaction within the forum. *Mellott v. Dico Co., Inc.,* 7 Ohio App.3d 52, 53–55, 454 N.E.2d 146, 148–49 (1982). The question is not whether the transaction created an impact on Ohio commerce, but whether the nonresident transacted business in Ohio. *Ohio State Tie & Timber,* 8 Ohio App.3d at 239, 456 N.E.2d at 1313.

■ Ludington News does not make a single factual allegation indicating that MASI carried on any negotiations or business dealings inside the state of Ohio. It does not allege that MASI had any mail, telephone, or other wire communications with entities located in the state of Ohio. It has identified no acts or omissions committed by MASI inside the state of Ohio. The mere fact that the transaction may have created an impact on Ohio commerce is not sufficient to provide the Court with in personam jurisdiction under Ohio Rev. Code § 2307.382(A)(1).

Second, both Plaintiff and Ludington News allege that *in personam* jurisdiction is proper because MASI contracted to supply services or goods in the state within the meaning of Ohio Rev.Code § 2307.382(A)(2). Again, Ohio courts hold that the actual transaction of business in-state is a prerequisite to the exercise of long-arm jurisdiction under § 2307.382(A)(2).

Third, Ludington News alleges that *in personam* jurisdiction is proper because MASI caused tortious injury by an act or omission in the state within the meaning of Ohio Rev.Code § 2307.382(A)(3). That contention is factually incorrect. No factual allegation has been made that MASI or its agents committed *any* act or omission—whether tortious or not—in the state of Ohio. If *in personam* jurisdiction exists by reason of a tortious act or omission on MASI's part, it must be proper under Ohio Rev.Code § 2307.382(A)(4), which allows such jurisdiction only if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in Ohio.

No allegation has been made that MASI regularly does or solicits business, or engages in any other persistent course of conduct in Ohio. The issue, then, becomes whether MASI derived substantial revenue from goods used or consumed or services rendered in Ohio by reason of the sale of the subject aircraft. The Court finds that the $475,000 sale price constitutes "substantial revenue." [2] However, it appears to be the case that the aircraft was not intended to be used in Ohio; the record indicates that the aircraft was merely hangared in Ohio for inspection and repairs. Nonetheless, from an abundance of caution, the Court will treat the aircraft as being a good used in Ohio, and will proceed to the second step of the analysis.

---

**2.** *But see Sherry v. Geissler U. Pehr, GmbH,* 100 Ohio App.3d 67, 651 N.E.2d 1383 (1995) (one sale of a winder to an Ohio corporation, without more, is insufficient to establish personal jurisdiction under § 2307.382(A)(4)).

## 2. *Minimum Contacts*

The Court may exercise jurisdiction over MASI consistent with the due process requirements of the United States Constitution only if MASI has minimum contacts with Ohio "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. MASI is subject to personal jurisdiction in Ohio only if its conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Jurisdiction is proper only where a defendant purposefully avails itself of the privilege of conducting activities within the forum state, or where the contacts proximately result from actions *by the defendant itself* that create a substantial connection with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985); *see also Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

■ The Sixth Circuit uses a three-part test for determining whether the exercise of personal jurisdiction comports with due process in any given case. First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968).

■ Plaintiff and Ludington News argue that the fact that MASI was briefly the record owner of the subject aircraft on the date of sale establishes such purpose-ful availment of the privilege of conducting activities within Ohio. They offer no other factual argument in support of their assertion.

The Court disagrees that MASI's momentary status as the owner of an aircraft that was temporarily hangared in Ohio constitutes purposeful availment of the privilege of conducting activities within Ohio. It is undisputed that MASI had no involvement in the selection of the Ohio location for hangaring the aircraft. It is undisputed that MASI engaged in no contract negotiations, either in person or by mail or wire, with anyone in Ohio. It is undisputed that neither Kobill nor Ludington News is an Ohio entity. It is undisputed that no MASI employee has ever traveled to Ohio for business purposes. MASI simply did not conduct any activities within the state of Ohio.

All of the cases cited by Ludington News are distinguishable from the facts at bar. In *CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996), the out-of-state defendant himself purposely initiated electronic communications, and "deliberately set in motion an ongoing marketing relationship" with the Ohio plaintiff. *Id.* at 1265. MASI, in contrast, never purposely selected an Ohio hangar, and never engaged in any actions that would indicate an intent to set in motion an ongoing relationship with any Ohio entity.

In *Cole v. Mileti,* 133 F.3d 433 (6th Cir.1998), the out-of-state defendant was a former Ohio resident and business partner of the Ohio plaintiff. After the defendant moved out of Ohio, the parties negotiated a contract by means of repeated mail and wire communications. The relationship, thus, arose directly out of the defendant's contacts with Ohio.[3] MASI, in contrast, has never had a business presence in Ohio, and has never engaged in mail or wire communications to Ohio in connection with the transaction in dispute in this case.

---

**3.** *Cf. Krutowsky v. Simonson,* 109 Ohio App.3d 367, 672 N.E.2d 219 (1996) (no minimum contacts where plaintiff initiates contact with out-of-state defendant).

In *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the out-of-state defendant had purposefully entered into a contract with a forum resident. MASI did not.

In *Hammond v. Pegasus Int'l Corp.*, 1990 WL 210799 (Ohio Ct.App.1990), the out-of-state defendant had personally traveled to Ohio to conduct an airplane inspection, and had acted as guarantor for a contract involving an Ohio party. MASI did none of those things.

In order for minimum contacts to exist, the defendant itself must engage in some act that constitutes purposeful availment of the privilege of conducting business in the forum state. No such showing has been made in this case. It is undisputed that MASI had no involvement in the selection of Ohio to hangar the subject aircraft. No other connection between MASI and the forum state of Ohio has been alleged. On this undisputed record, it is proper for the Court to dismiss MASI as a party defendant without the need for an evidentiary hearing.

### CONCLUSION

For the foregoing reasons, Maine Aviation Sales, Inc.'s motion to dismiss for lack of personal jurisdiction is granted.

IT IS SO ORDERED.