DECISION AND JOURNAL ENTRY
Appellant, McKinley Machinery, Inc. ("McKinley") of Avon Lake, Lorain County, appeals from the dismissal of its complaint against Acme Corrugated Box Co., Inc. ("Acme") of Bensalem, Pennsylvania by the Lorain County Court of Common Pleas for want of personal jurisdiction. We affirm.
McKinley is an Ohio corporation engaged in the manufacture of machinery that is used in the production of corrugated boxes. Acme, a foreign corporation, uses machinery to produce corrugated boxes. On February 27, 1995, McKinley and Acme entered into an agreement for the manufacture by McKinley of a corrugated box-fabricating machine for which Acme was to pay $1,405,700 in periodic installments. The contract was modified prior to delivery, reducing the purchase price to $1,403,000. The equipment was delivered to Acme in Pennsylvania on December 22, 1995 and was installed and in operation in Acme's plant on or prior to January 15, 1996. Acme made payments or received credits from McKinley in the amount of $1,262,700. Acme then informed McKinley that it was not satisfied with the equipment's performance and, in a letter dated February 18, 1998, that it was rejecting the equipment. Further, Acme refused to make the remaining payments to McKinley.
On February 16, 1998, McKinley brought a cause of action for declaratory judgment seeking a declaration that it had completed manufacture and installation of the machinery and seeking damages in the amount due under the contract and for an anilox roll which had been furnished by McKinley at Acme's request. On April 8, 1998, Acme filed a motion to dismiss for want of personal jurisdiction, pursuant to Civ.R. 12(B)(2), together with the affidavit of Burton R. Cohen, President of Acme. McKinley responded by filing a brief in opposition to Acme's motion to dismiss, together with an affidavit of William Scott McKinley and various exhibits on May 1, 1998. Acme filed a reply brief on May 18, 1998. On July 10, 1998, the Lorain County Court of Common Pleas granted Acme's motion to dismiss. This appeal followed.
McKinley asserts a single assignment of error:
 The trial court erred in granting the Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction based upon its determination that the Lorain County Court of Common Pleas did not have personal jurisdiction over the Defendant, Acme Corrugated Box, Inc.
 McKinley avers that the trial court erred in granting Acme's motion to dismiss because Acme, by ordering goods from an Ohio corporation and executing a contract with an Ohio corporation, was transacting business in Ohio. Hence, McKinley argues that the trial court could properly exercise personal jurisdiction over Acme under Ohio's long-arm statute and that the exercise of such jurisdiction is consistent with due process of law. We disagree.
Once a defendant has challenged the trial court's personal jurisdiction over him or her, "the plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence."Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307.[1]
When determining whether a state court has personal jurisdiction over a nonresident corporation, "the court must determine whether the state's `long-arm' statute [R.C. 2307.382] and applicable civil rule [Civ.R. 4.3] confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." (Footnote omitted.) U.S. SprintCommunications Co. Ltd. Partnership v. Mr. K's Foods, Inc. (1994),68 Ohio St.3d 181, 184. "In Kentucky Oaks Mall Co. v. Mitchell'sFormal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477,479, the Ohio Supreme Court found the [statute and the rule] to be coextensive, holding `that the statute and civil rule are consistent and in fact complement each other.'" U.S. Sprint,68 Ohio St.3d at 184, fn. 2.
R.C. 2307.382(A)(1) states, in relevant part, "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [t]ransacting any business in this state[.]"
 Under R.C. 2307.382(A)(1), a foreign corporation submits to the personal jurisdiction of an Ohio court if its activities lead to "[t]ransacting any business" in Ohio. Because it is such a broad statement of jurisdiction, R.C. 2307.382(A)(1) has given rise to a variety of cases which "have reached their results on highly particularized fact situations, thus rendering any generalization unwarranted." With no better guideline than the bare wording of the statute to establish whether a nonresident is transacting business in Ohio, the court must, therefore, rely on a case-by-case determination.
 (Emphasis and citations omitted.) U.S. Sprint, 68 Ohio St.3d at 185.
As this court has previously held, a court should consider three factors when deciding whether the long-arm statute applies:
 "First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."
 Krutowsky v. Simonson (1996), 109 Ohio App.3d 367, 370, quoting Cincinnati Art Galleries v. Fatzie (1990), 70 Ohio App.3d 696, 699.
In the instant case, the contract was executed by Acme in Pennsylvania, the machinery was shipped F.O.B. Acme's factory in Pennsylvania, the installation was to be completed by McKinley at Acme's factory, and Acme negotiated the contract from Pennsylvania. There is some dispute as to whether McKinley solicited Acme's business or whether Acme first contacted McKinley. McKinley signed the contract in Ohio (after Acme had executed the contract in Pennsylvania), constructed most of the machinery in Ohio (although a substantial proportion of the machinery was not constructed in Ohio), received telephone calls in Ohio from Acme regarding the machinery, and received payment at an Ohio address.
Utilizing the above mentioned factors, we must first determine if Acme "purposely avail[ed] [itself] of the privilege of acting in [Ohio] or caus[ed] a consequence in [Ohio]."Krutowsky, 109 Ohio App.3d at 370. Acme ordered a product from an Ohio company; it did not attempt to sell goods in Ohio. Acme did not sign a contract with a forum selection clause and, in fact, executed the contract in Pennsylvania. Further, the contract was not part of an ongoing business relationship with McKinley or long-term dealings within the State of Ohio, and under the contract, McKinley was responsible for shipping to and installation in Pennsylvania. Moreover, a substantial portion of the machinery was not constructed in Ohio. We must further consider what repercussions our holding that Acme has subjected itself to the jurisdiction of an Ohio court would have. In an age of contracts which are offered from a business located in one state to citizens of another through a multiplicity of media including the mail and the internet, holding that one subjects oneself to personal jurisdiction in a foreign state simply by ordering goods, under a contract executed by one in one's home state, from a company in a foreign state may often be unduly burdensome. Although in some cases, one's contacts may be sufficient to satisfy due process and Ohio's long-arm statute, this case does not present facts on which we can conclude that Acme purposefully availed itself of acting in Ohio or that such jurisdiction would be reasonable. Hence, we cannot conclude that the trial court erred in dismissing McKinley's claim for want of personal jurisdiction.
McKinley's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
FOR THE COURT BAIRD, P. J.
SLABY, J., CONCUR.
[1] McKinley avers that, because the trial court did not conduct an oral evidentiary hearing, it "need only make a prima facie showing of jurisdiction to withstand the motion to dismiss."Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307. However, the parties specifically presented affidavits and other evidentiary material on this motion to the trial court. Hence, we conclude that, because "[t]he term `hearing' has been liberally construed and may be limited to a review of the record without oral argument," the trial court did conduct a hearing on this issue.In re Swain (1991), 68 Ohio App.3d 737, 741. Moreover, Civ.R. 12(D) does not mandate that the trial court hold an oral hearing.